**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| ANDRE LUCAS, | : | |
| Petitioner, | : | |
| v. | : | Case No. 5:26-cv-00292-MTT-AGH |
| SYDNEY CARTER, | : | |
| Respondent. | : | |

## ORDER

On July 14, 2026, Petitioner Andre Lucas, a prisoner in Autry State Prison in Pelham, Georgia, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). Petitioner also filed a motion to stay this case, stating he filed the petition as a precautionary measure out of concerns relating to the statute of limitations (ECF No. 2 at 1). Petitioner notes he has an out-of-time appeal currently pending in state court. *Id.* at 1-2.

Petitioner's motion raises questions about whether he has properly exhausted his state court remedies. Generally, failure to exhaust state court remedies may be grounds for dismissal of a habeas petition. However, Petitioner's motion also suggests a possibility that such dismissal may prevent Petitioner from refiling his habeas petition after exhaustion due to the statute of limitations. Therefore, the undersigned will not recommend dismissal at this time. *See* Rules Governing § 2254 Cases, R. 4 (requiring dismissal of a habeas petition on the court's preliminary review only where it "plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court"). Nevertheless, a stay is also not appropriate, as a stay would add unnecessary delay to the initial review of Petitioner's habeas corpus petition. Thus, Petitioner's motion to stay the case is **DENIED**.

Petitioner did not pay the $5.00 filing fee or move for leave to proceed *in forma pauperis* (IFP) when he filed this case. Petitioner is, therefore, **ORDERED** to either pay the $5.00 filing fee or submit a proper and complete motion to proceed IFP by filing "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the [prison]." Habeas Corpus R. 3(a)(2). Petitioner shall have **FOURTEEN (14) DAYS** to comply with this Order and his failure to do so may result in dismissal of this action.

The Clerk of Court shall forward the appropriate financial forms (with the civil action number written on them) to Petitioner along with a copy of this Order.

**SO ORDERED**, this 25th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE