**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| ANDRE LUCAS, | : | |
| Petitioner, | : | |
| v. | : | Case No. 5:26-cv-292-MTT-AGH |
| SYDNEY CARTER, | : | |
| Respondent. | : | |

# ORDER

Petitioner Andre Lucas, a prisoner in Autry State Prison in Pelham, Georgia, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his March 15, 2018 conviction in the Bibb County Superior Court. Compl. 1, ECF No. 1. Petitioner subsequently paid the $5.00 filing fee for this case.

Petitioner also filed a motion to amend his petition noting he is currently in Autry State Prison, where the warden is Michael Graham. Mot. to Amend 1-2, ECF No. 6. In it, Petitioner seeks to change Respondent Sydney Carter to Warden Graham. *Id.* He also seeks to add four additional respondents. *Id.* at 2-3.

Because Petitioner is a prisoner in Autry State Prison, the proper respondent is Warden Graham. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a petition for a writ of habeas corpus is "the person who has custody over [the petitioner]"); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that a petitioner's "only" proper respondent, the custodian, "is 'the person' with the ability to produce the prisoner's body before the habeas court"). Therefore,

Petitioner's motion (ECF No. 6) is **GRANTED IN PART** to the extent it seeks to change the respondent from Warden Carter to Warden Graham. The clerk is **DIRECTED** to update the docket accordingly. As the other proposed respondents are not proper respondents to this petition, the motion is **DENIED IN PART** to the extent that Petitioner seeks to add them as respondents.

It is now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner further amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED** this 17th day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE